UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA

    v.

                MEMORANDUM & ORDER

                10-CR-657 (SJ) (RML)

LARON SPICER, et al.

      Defendants.

---------------------------------------------------X

A P P E A R A N C E S

 UNITED STATES ATTORNEY
Loretta E. Lynch
United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
By: Matthew S. Amatruda
   Nadia Shihata
*Attorneys for Plaintiff*

LAW OFFICE OF FRANK HANDELMAN
325 Broadway, Suite 201
New York, NY 10007
By: Frank Handelman
*Attorney for Defendant Laron Spicer*

LAW OFFICE OF JOYCE LONDON
20 Vesey Street
Suite 400
New York, NY 10007
By: Joyce C. London
*Attorney for Defendant James Dowtin*

1

HURWITZ STAMPUR & ROTH
299 Broadway
Suite 800
New York, NY 10007
By:   William J. Stampur
*Attorney for Defendant Jamar Williams*

**JOHNSON, Senior District Judge.**

On October 25, 2013, a superseding indictment charged defendants Laron Spicer ("Spicer"), James Dowtin ("Dowtin"), and Jamar Williams ("Williams," collectively the "Defendants")[1] with gang-related crimes stemming from their alleged membership in the Nine-Trey Gangsters ("NTG"), a subset of the Bloods street gang, which operated between approximately 1994 and 2010 in the Crown Heights neighborhood of Brooklyn, New York.[2]

Before the Court is the government's motion <u>in limine</u> to introduce evidence of criminal conduct that is not expressly set forth in the Superseding Indictment. Based on the submissions of the parties and for the reasons stated below, the government's motion is GRANTED in part and DENIED in part.

---

[1] Also charged in the same indictment are the remaining defendants in this case, namely, Tyquan Rogers, Dwayne Monroe and Rashawn Sharp. These defendants will be tried in a separate trial at a later date (<u>See</u> Dkt. No. 294.).

[2] The parties' familiarity with the facts and charges alleged in the indictment (Dkt. No. 343) is assumed. The facts alleged in the indictment and the government's motion <u>in limine</u> filed on March 14, 2013 (Dkt. No. 299), are incorporated herein.

## BACKGROUND

The Superseding Indictment

The Superseding Indictment charges: (1) one count of racketeering and racketeering conspiracy, in violation of 18 U.S.C. §§ 1961 et seq. and 1962(d) et seq. (Counts One and Two); (2) one count of conspiracy to distribute cocaine base and heroin, in violation of 21 U.S.C. §§ 841 and 846 (Count Three); (3) one count of discharging firearms in connection with the narcotics conspiracy, in violation of 18 U.S.C. § 924(c) (Count Four); (4) defendants Spicer and Williams for attempted Hobbs Act robbery and robbery conspiracy, and use of firearms during those crimes, for the July 17, 2008 attempted robbery of William Singletary's apartment, in violation of 18 U.S.C. §§ 1951 and 924(c), respectively (Counts Five through Seven); (5) defendant Spicer for murder in-aid-of racketeering, drug-related murder and causing death through use of a firearm for the July 17, 2008 murder of William Singletary, in violation of 18 U.S.C. §§ 1959(a)(1) and 924(j), and 21 U.S.C. § 848, respectively (Counts Eight through Eleven); (6) defendant Spicer with assault in-aid-of racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Count Twelve); (7) defendant Dowtin with four substantive narcotics distribution counts for narcotics sales to an FBI confidential informant during the underlying investigation (Counts Thirteen through Fifteen and Count Seventeen) and defendant Williams with one such count (Count Sixteen), in violation of 21 U.S.C. § 841(b)(1)(B) and (C); and (8) defendant Williams with one count of possessing a firearm after a felony conviction, in violation of 18

U.S.C. § 922(g) (Count Eighteen). The racketeering count in the Superseding Indictment alleges the following racketeering acts: (1) narcotics conspiracy; (2) five acts of attempted murder; (3) narcotics possession; (4) narcotics distribution; (5) murder; (6) and robbery and robbery conspiracy.

The Government's Motion

The government divides the evidence it seeks to introduce into the following five categories: (1) acts of violence; (2) gun possession; (3) narcotics possession and sales; (4) threats; and (5) recorded conversations between Spicer and Dowtin. The government seeks admission of these acts on the basis that it "necessarily includes proof that the enterprise existed and that the [D]efendants were connected to it." (Govt.'s Mot. in Lim. at 10.) The government argues that this evidence proves that the charged crimes in the indictment were committed in furtherance of the enterprise because they were "motivated in part by the [D]efendants' desire to maintain and increase their position in that enterprise." (Id. at 11.) The government contends that the evidence it seeks to admit consists of acts committed in furtherance of the enterprise, and according to prevailing law, it falls outside the ambit of Rule 404(b). Nonetheless, the government argues that all of the evidence is admissible under Rule 404(b) because it is offered for many permissible purposes, including motive, intent, opportunity, identity, plan, preparation and absence of mistake.

In opposition, the Defendants argue that the extrinsic evidence should not be admissible since its only purpose is to show criminal propensity. They argue that any probative value of this evidence is far outweighed by the prejudice it creates for the Defendants.

**DISCUSSION**

I. Legal Standard

The Federal Rules of Evidence prohibit admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The Rule, however, does permit such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. The Supreme Court has held that similar acts may be admissible, provided that: (1) the prior acts evidence is offered for a proper purpose; (2) the evidence is relevant to a disputed issue; (3) the probative value of the prior act evidence is not substantially outweighed by the danger of its unfair prejudice; and (4) the court administers an appropriate limiting instruction. See Huddleston v. U.S., 485 U.S. 681, 691-92 (1988); U.S. v. Brand, 467 F.3d 179, 196 (2d Cir. 2006). Prior acts evidence may be admitted where it is "necessary to complete the story of the crime on trial and thus, appropriately treated as part of the very act charged, or at least, proof of that act." U.S. v. Quinones, 511 F.3d 289, 309 (2d Cir. 2007) (internal citations and quotations

omitted). Additionally, courts have permitted the admission of evidence of other crimes to establish a recurring modus operandi. U.S. v. Sliker, 751 F.2d 477, 487 (2d Cir. 1984). This "inclusionary approach" allows the district court to admit evidence of other wrongs so long as it is relevant and is not offered to prove criminal propensity. See U.S. v. Lasanta, 978 F.2d 1300, 1307 (2d Cir. 1992). Broad discretion resides in the district court regarding the admissibility of evidence of extrinsic acts, and its decision will not be reversed on appeal absent an abuse of discretion. U.S. v. Pipola, 83 F.3d 556, 566 (2d Cir. 1996).

However, the Second Circuit has held that crimes committed in furtherance of a racketeering enterprise do not fall within the ambit of Rule 404(b). See United States v. DiNome, 954 F.2d 839, 843 (2d Cir. 1992) (evidence of uncharged murders admissible to prove relationship and continuity of RICO enterprise's illegal activities). "It is well settled that in prosecutions of racketeering offenses, the government may introduce evidence of uncharged offenses to establish the existence of the criminal enterprise." United States v. Baez, 349 F.3d 90, 93 (2d Cir. 2003) (affirming district court's admission of sixteen uncharged robberies); see United States v. Miller, 116 F.3d 641, 682 (2d Cir. 1997) (affirming introduction of uncharged murders without reference to Rule 404(b) because such evidence may be admitted to prove "the existence and nature of the enterprise and the conspiracy"). Accordingly, where the Court finds that the government's evidence is probative of the existence and nature of the charged enterprise, the evidence is not subject to Rule 404(b) analysis.

II. <u>Application</u>

The Court finds that most of the evidence the government intends to introduce is admissible as evidence of the charged enterprise. For the government to prove its racketeering charge in Count One, it must establish beyond a reasonable doubt each of the following four elements: (1) that an enterprise existed; (2) that the enterprise engaged in or had some effect upon interstate commerce; (3) that the Defendants engaged in a pattern of racketeering activity; and (4) that through the pattern of racketeering activity the defendant acquired or maintained an interest in, or controlled the enterprise. 18 U.S.C. § 1962(c). Similarly, for the government to prove its racketeering conspiracy charge in Count Two, it must establish the first two elements for the racketeering charge above and also establish: (1) that the Defendants were associated with or employed by the enterprise; and (2) that the Defendants knowingly and willfully became a member of the conspiracy. 18 U.S.C. § 1962(d).

A majority of the evidence the government intends to introduce directly relates to the existence and nature of the charged enterprise, specifically Counts One and Two in the Superseding Indictment. Some of the acts of violence the government seeks to introduce include the murder of rival gang member Marcus Deraveniere, shootouts with rival gang members and the robbery of an individual the NTG had deemed a "snitch." These acts are admissible to prove the existence and activity of the charged enterprise. Other evidence, like threats made to a rival Panamanian drug distributor and a witness in a trial against Spicer, are clearly relevant to prove the Defendants'

efforts to protect the enterprise and its profits. It is the government's burden to prove the existence of the enterprise and its pattern of racketeering activity. Thus, evidence of violence is admissible as acts committed to control the enterprise's territory and ensure its profitability. Similarly, much of the firearms evidence exhibits the violent nature of the charged enterprise and the importance of the availability of firearms to advance the enterprise. In addition to its importance as a source of profit for the enterprise, the narcotics evidence is admissible as to the charged predicate act of conspiracy to distribute narcotics and the substantive narcotics trafficking conspiracy charge. Thus, unless stated otherwise, the evidence is admissible as direct evidence of the crimes charged.

With that being said, some of the evidence the government seeks to introduce is not permitted. The following acts are inadmissible and shall not be used at trial by the government in its direct case: (1) "Spicer's Gun Possession on September 27, 2000" (Govt.'s Mot. in Lim. at 16.); (2) "Spicer's Gun Possession on June 29, 2011" (Id. at 17.); (3) "Spicer's Possession of Ammunition on June 12, 2002" (Id.); (4) "Spicer's Gun Possession on October 4, 2005" (Id.); (5) "Spicer's Gun Possession on May 15, 2008" (Id. at 19.); and (6) "Dowtin's Firearm Possession on June 16, 2009" (Id.). The government fails to set forth any connection between these acts and the crimes charged. Evidence of acts committed in furtherance of the enterprise may be admissible, so long as it is relevant and not offered to prove criminal propensity. Lasanta, 978 F.2d at 1307. The evidence listed above is irrelevant and its only

purpose would be to show criminal propensity. Accordingly, all of the evidence the government intends to introduce is admissible with the exception of the six acts listed above.

## **CONCLUSION**

For the reasons stated, the Court finds that the government's motion in limine is GRANTED in part and DENIED in part.

SO ORDERED.

DATED: November 12, 2013 _____s/_____
       Brooklyn, New York          Sterling Johnson, Jr, U.S.D.J.